UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GURLAL SINGH SANDHU;<br>GURENDERJEET SANDHU; and DOES<br>1-10,<br><br>　　　　Defendants. | No.　2:13-cv-01783 JAM KJN<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS** |

　　This matter is before the Court on Defendant Gurenderjeet Sandhu's ("Defendant") motion for attorney's fees and costs (Doc. #31).  Plaintiff Scott Johnson opposes Defendant's motion (Doc. #35) and Defendant filed a reply (Doc. #36).  For the following reasons, Defendant's motion is DENIED.[1]

　　　I.　FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

　　On August 28, 2013, Plaintiff filed the complaint (Doc. #1),

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for January 28, 2015.

1

alleging that the premises of Defendant's convenience store failed to comply with the Americans with Disabilities Act of 1990 ("ADA"). The thrust of Plaintiff's complaint was that the sole handicap-accessible parking space ("the Parking Space") was in violation of a number of ADA requirements.

On October 13, 2013, Defendant's counsel prepared and propounded a number of requests for admissions ("RFAs") on Plaintiff. Cable Dec., Ex. A. The first eleven of these RFAs requested that Plaintiff admit that various aspects of the Parking Space complied with ADA requirements. For example, RFA No. 3 requests that Plaintiff "[a]dmit that the width of the access aisle of the sole handicap parking space is greater than 48 inches." Cable Dec., Ex. A. On December 13, 2013, Plaintiff's counsel responded to these RFAs, denying each of the first eleven RFAs propounded by Defendant. Cable Dec., Ex. B.

On November 5, 2014, the Court heard arguments on Plaintiff's motion for summary judgment (Doc. #28). At the hearing, Plaintiff's counsel acknowledged that the Parking Space was – as of November 5, 2014 – compliant with the ADA. Accordingly, the Court concluded that Plaintiff's ADA claim was moot and declined to exercise supplemental jurisdiction over Plaintiff's state law claims (Doc. #30).

## II.   OPINION

### A.   Applicable Rules

Rule 36 of the Federal Rules of Civil Procedure ("FRCP") authorizes a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of

2

any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either[.]"  Fed. R. Civ. P. 36.

Relatedly, Rule 37(c)(2) of the FRCP provides that "[i]f a party fails to admit what is requested under Rule 36 and if the requesting party later proves . . . the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof."  Fed. R. Civ. P. 37.  Rule 37(c)(2) further provides that the Court "must so order unless: (A) the request was held objectionable under Rule 36(a); (B) the admission sought was of no substantial importance; (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or (D) there was other good reason for the failure to admit."  Fed. R. Civ. P. 37.

Finally, Rule 26(e) of the FRCP provides that "[a] party who has . . . responded to an interrogatory, request for production, or request for admission . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26.

B.   Judicial Notice

Defendant requests that the Court take judicial notice (Doc. #33) of the complaint, the answer, Plaintiff's motion for summary judgment, Defendant's opposition to summary judgment, Plaintiff's

1  reply in support of summary judgment, and the Court's November
2  17, 2014 order in this case. As these documents are already part
3  of the docket in this case, Defendant's request is unnecessary
4  and DENIED.

     C.    Discussion

6      Defendant's counsel argues that he is entitled to an award
7  of attorney's fees under Rule 37(c)(2), because Plaintiff
8  improperly denied his RFAs with regard to the ADA compliance of
9  the Parking Space. Mot. at 8. Plaintiff responds that, "[w]hen
10 the plaintiff responded to the discovery . . . on December 13,
11 2013, he had an adequate basis for contending that the violations
12 existed." Opp. at 1. Defendant replies that Plaintiff had a
13 continuing duty to supplement his disclosures under Rule 26(e),
14 and he was therefore obligated to update his response to the RFAs
15 in February 2014, when he received Defendant's Initial
16 Disclosures. Reply at 2.

17     Because Plaintiff failed to admit that the Parking Space was
18 ADA-compliant, and Defendant later proved this fact when moving
19 for summary judgment, Rule 37(c)(2) does, arguably, apply.
20 However, Rule 37(c)(2) also provides that a non-admission may be
21 excused if "the party failing to admit had a reasonable ground to
22 believe that it might prevail on the matter[.]" Defendant has
23 failed to show that, at the time of Plaintiff's response to the
24 RFAs on December 13, 2013, Plaintiff should have known that the
25 Parking Space was ADA-compliant. On July 24, 2013, Plaintiff's
26 investigator inspected the Parking Space and concluded that it
27 did not comply with the ADA. Opp. at 1. Although it is clear
28 that renovations were made at some after this initial

4

1  investigation, there is no evidence that these renovations were
2  conducted prior to December 13, 2013.  As the Building Permit for
3  renovating the Parking Space was issued on December 9, 2013, it
4  seems unlikely that the renovations were completed four days
5  later.  Potter Dec., Ex. 2.  Regardless, even if the renovations
6  were completed by December 13, 2013, there is no evidence that
7  Plaintiff knew of these renovations when he responded to the
8  RFAs.  Accordingly, Plaintiff's non-admission is excused under
9  Rule 37(c)(2)(C), as he had a "reasonable ground to believe that
10 [he] might prevail on this matter[.]"  Fed. R. Civ. P. 37.
11      Defendant's reliance on Rule 26(e) is misplaced.  Reply at
12 2.  Defendant is correct that Rule 26(e) imposes a continuing
13 duty to supplement or correct responses to RFAs, in light of new
14 information.  Fed. R. Civ. 26.  However, Defendant fails to cite
15 any authority for his position that a failure to comply with Rule
16 26(e) authorizes the Court to award attorney's fees under Rule
17 37(c)(2).  Indeed, such a position contradicts the plain text of
18 Rule 37(c)(2), which applies to a party's "failure to admit what
19 is requested *under Rule 36*[.]"  Fed. R. Civ. P. 37 (emphasis
20 added).  Moreover, even if Rule 37(c)(2) did apply to violations
21 of Rule 26(e), Plaintiff's conduct did not constitute such a
22 violation.  Rule 26(e) provides that a party must correct its
23 response to an RFA "if the party learns that in some material
24 respect the disclosure or response is incomplete or incorrect,
25 *and if the additional or corrective information has not otherwise*
26 *been made known to the other parties during the discovery*
27 *process*[.]"  Fed. R. Civ. P. 26 (emphasis added).  Defendant
28 contends that, by virtue of his own initial disclosures – in

February 2014 – Plaintiff was on notice that the Parking Space was ADA-compliant. Reply at 2. As these disclosures were provided by Defendant himself, the updated information was "known to the other parties" and the second condition of Rule 26(e) is not satisfied.

For these reasons, Plaintiff's failure to admit that the Parking Space was ADA-compliant in response to Defendant's RFAs does not justify an award of attorney's fees under Rule 37(c)(2). Defendant's motion for attorney's fees is DENIED.

## III.   ORDER

For the reasons set forth above, the Court DENIES Defendant's motion for attorney's fees:

IT IS SO ORDERED.

Dated: January 30, 2015

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE